UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        Judgment Creditor,

    v.

RAYMIL PEREZ,

        Judgment Debtor,
   and

EQUITABLE FINANCIAL LIFE INSURANCE
COMPANY, LPL FINANCIAL, LLC, THE
VANGUARD GROUP, INC. and FIDELITY
INVESTMENTS,

        Garnishees.

21 CR 229 (KMK)

**FINAL ORDER
OF GARNISHMENT**

WHEREAS, pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §§ 3613, 3664(m), and the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. § 3205, the United States of America ("the Government") sought, obtained, and served Writs of Garnishment on the Garnishees, Equitable Financial Life Insurance Company, LPL Financial, LLC, The Vanguard Group, Inc., and Fidelity Investments, for substantial nonexempt property belonging to or due the Judgment Debtor, Raymil Perez (Dkts. 35-41);

WHEREAS, on August 25, 2025, THE VANGUARD GROUP, INC. answered that it held no property of the Judgment Debtor (Dkt. 43);

WHEREAS, on August 27, 2025, EQUITABLE FINANCIAL LIFE INSURANCE COMPANY filed an Answer stating that it holds the Judgment Debtor's IRA number ending in 0187 with an approximate value of $164,330, subject to market fluctuation (Dkt. 44);[1]

---

[1] Garnishee LPL Financial, LLC serves as the clearing broker-dealer for Equitable's investments.

WHEREAS, on August 20, 2025, FIDELITY INVESTMENTS filed an Answer stating that it holds the following property of the Judgment Debtor, subject to market fluctuation: one individual brokerage account number ending in 2396 with an approximate value of $2,334, and one Roth IRA number ending in 4909 with an approximate value of $527, and one IRA Rollover account number ending in 3125 with an approximate value of $12 (Dkt. 46);

WHEREAS, in compliance with the FDCPA, the Government served the Judgment Debtor with the garnishment process on August 19, 2025 (Dkt. 45);

WHEREAS the FDCPA requires the Judgment Debtor to file a claim for exemption, objection to the Garnishee's answer, or request for a hearing within 20 days after service under 28 U.S.C. §§ 3202(d) and 3205(c)(5), that time has expired, and neither the Court nor the Government has received any such filing by or on behalf of the Judgment Debtor;

WHEREAS, pursuant to 28 U.S.C. § 3205(c)(7), after the Garnishee files an answer, if no hearing is requested within the required time-period, the Court shall promptly enter an order directing the Garnishee as to the disposition of the Judgment Debtor's nonexempt interest in the property held by the Garnishee;

WHEREAS the Judgment Debtor owes $640,868.52 in unpaid restitution to the victim of his crimes; and

WHEREAS it is undisputed that the MVRA authorizes the Government to garnish the substantial nonexempt property of the Judgment Debtor held by each Garnishee. *See* 18 U.S.C. §§ 3613; 3664(m); *United States v. Irving*, 4452 F.3d 110, 126 (2d Cir. 2006) (MVRA permits the government to garnish assets held in a retirement account, including an IRA, to satisfy a restitution order); and *United States v. Novak*, 476 F.3d 1041, 1062 (9th Cir. 2006) (involuntary court-ordered distributions from retirement accounts to pay criminal restitution are not subject to additional tax or penalty for early withdrawal);

**Final Order of Garnishment – Page 2**

IT IS HEREBY ORDERED that the Garnishees, shall liquidate securities as needed to pay to the Clerk of Court the full liquidated value of each account of the Judgment Debtor, less any deductions required by law, and without any additional penalty for early withdrawal, in partial satisfaction of the outstanding restitution debt;

Payments shall be made by a certified check made payable to "Clerk of Court" with "No. 21 CR 229" written on the face of the payment mailed to the United States District Court, 500 Pearl Street, Room 120, New York, New York 10007, Attn: Cashier.

Dated: New York, New York
     May 15     , 2026

                                              UNITED STATES DISTRICT JUDGE